UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WINFIELD GRAIN, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11CV2244 TIA |
| ) | |
| MARQUETTE TRANSPORTATION CO., LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Partial Summary Judgment, Motion to Exclude the Testimony of Plaintiffs' Expert Leroy Grossman, and Motion to Strike Exhibits A, B, C, D, and H to Plaintiffs' Opposition to Summary Judgment (Doc. Nos. 34, 45, and 47). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

This case stems from alleged incidents occurring on the Mississippi River. Plaintiffs Winfield Grain and Kevin and Phyllis James, who are the owners of Winfield Grain and own a dock and cargo terminal located on the Missouri bank of the Mississippi River, filed an Amended Complaint against Defendant Marquette Transportation Co., LLC ("Marquette"), alleging that barges attached to river tow boats owned and/or operated by Marquette broke loose and damaged Plaintiffs' dock and terminal. (Am. Compl., ECF No. 27) As a result, Plaintiffs contend that they have been unable to perform their function of mooring barges and operating the grain terminal and have suffered monetary losses for the cost of repairing the damages, lost profits, surveying costs, bidding and construction supervision costs, and interest. (Id.) The lost profits calculation includes loss of use of the conveyor belt to move grain from silo to barges and to move sand dredged from the Mississippi River. (Pls.'

Statement of Facts, Ex. J, ECF No. 39-10) To support their claim for damages, Plaintiffs have employed Leroy Grossman, an economist from St. Louis University, to testify as an expert. (Id.)

On March 28, 2013, Defendant Marquette filed a Motion for Partial Summary Judgment, arguing that Plaintiffs are unable to establish lost profits by more than sheer speculation. On May 21, 2013, Defendant also filed a Motion to Exclude the Testimony of Plaintiffs' Expert Leroy Grossman, arguing that his opinions are unreliable in that they merely repeat Plaintiffs' estimates for lost profits, are unsupported by the requisite "knowledge, skill, experience, training, or education," and are otherwise irrelevant. Defendant also argues that the probative value of Mr. Grossman's opinion is outweighed by its potential for confusion and unfair prejudice. Finally, on that same date, Defendant filed a Motion to Strike Exhibits filed by Plaintiffs in support of their Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment. The Court held oral arguments on the motions on June 26, 2013, but the parties confined their arguments to the motion for partial summary judgment.

## **Legal Standards**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op.,

Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## **Discussion**

Defendant Marquette argues that partial summary judgment is appropriate in this case because Plaintiffs are unable to establish lost profits beyond mere speculation. In support, Defendant asserts that Plaintiffs never loaded or moored a barge at the grain facility and never used the conveyor to move grain product. Further, Plaintiffs have no confirmed customers. Additionally, Defendant contends that Plaintiffs have never dredged any sand from the Mississippi River. Defendant relies primarily on two cases from the Eighth Circuit Court of Appeals to support its motion for partial summary judgment. Plaintiffs, on the other hand, argue that this is an admiralty case heard in equity and that the Court is adequately equipped to determine reasonable damages in light of the circumstances. The Court finds that partial summary judgment in favor of the Defendant is not warranted at this time.

Defendant argues that Plaintiffs have not and cannot show lost profits because the grain and sand-dredging business was never operational, thus entitling Defendant to summary judgment on

3

Plaintiffs' claim of lost profits. In Cargill, Inc. v. Taylor Towing Serv., Inc., an admiralty case, the Eighth Circuit Court of Appeals held, "[t]o warrant a recovery for lost profits, the plaintiff must present proof sufficient to bring the issue outside the realm of conjecture, speculation or opinion unfounded on definite facts." 642 F.2d 239, 241 (8th Cir. 1981). The Cargill court affirmed the district court's finding after a bench trial that plaintiff's alleged loss of profit was speculative and unwarranted. Id. The court reasoned that, "[a]nticipated profits are recoverable only when the claim is substantiated on proof of income and expenses prior to interruption of the business enterprise. Id. (citation omitted). The Cargill court also noted, however, that "the question of lost profits as an item of damages is primarily a problem of proof and it is for the district court initially to determine whether the moving party has produce the quantum and quality of evidence sufficient to establish the claim in a sum certain." Id.

Similarly, in ConAgra, Inc. v. Inland River Towing Co., the district court conducted a four-day admiralty bench trial and awarded loss-of-use damages. 252 F.3d 979, 980, 982 (8th Cir. 2001). The Eighth Circuit Court of Appeals noted that proving loss-of-damages in an admiralty case involves two elements: 1) proof that profits have actually been or may reasonably supposed to have been lost; and 2) the amount of lost profits proven with reasonable certainty. Id. at 893 (citations omitted). In ConAgra, the appellant argued, *inter alia*, that the testimonial evidence from two officers of the plaintiff barge company, standing alone, was "insufficient to take the loss-of-use claim 'outside the realm of conjecture, speculation, or opinion unfounded on definite facts.'" Id. at 982 (quoting Cargill, Inc. v. Taylor Towing Serv., Inc., 642 F.2d 239, 241 (8th Cir. 1981)). The court, however, found that the statements from the witnesses were unequivocal and based on their general experience with barge demand before and after the period in question. Id. at 984. Thus, the ConAgra court held that

4

it could not conclude the district court clearly erred in finding that the plaintiff presented satisfactory proof of lost profits. Id. at 985.

The undersigned notes that in both of these admiralty cases, the courts made their determinations regarding the award of lost profits *after* holding bench trials and hearing testimony, not at the summary judgment stage. While Defendant may ultimately be correct that Plaintiffs are unable to prove lost profits, the Court finds that at this point in the litigation, Plaintiffs' allegations of lost profits, including its exhibits and deposition excerpts showing customer interest in use of Plaintiffs' grain and sand dredging operations and estimates from market demand, are sufficient to survive a motion for summary judgment. Indeed, courts will award lost profit damages even where the enterprise is new and has no proven track record. See, e.g., South Port Marine, LLC v. Gulf Oil Ltd. Partnership, 234 F.3d 58, 66 (1st Cir. 2000) (finding testimony establishing marina's plan to dredge the cove and to expand the marina was sufficient to support an award for lost slip revenues); Miller Indus. v. Caterpillar Tractor Co., 733 F.2d 813, 822 (11th Cir. 1984) (allowing plaintiffs to prove their lost profits through evidence of three other fishing vessels during plaintiffs' downtime); Rogers Terminal & Shipping Corp. v. Int'l Grain Transfer, Inc., 672 F.2d 464, 467 (5th Cir. 1982) (considering volume of business available in New Orleans and witnesses' testimonies as to how much they anticipated the vessel would have handled in determining lost profit damages). Further, the Court notes that the standard for calculating lost profits set forth in Cargill pertains to the interruption of an operational business, not a new enterprise, as in the case now before this Court. Cargill, 642 F.2d at 241.

The Eighth Circuit Court of Appeals has stated that it trusts the trial judge's decision-making responsibility in deciding which facts to consider and which to ignore. United States v. Abanatha,

999 F.2d 1246, 1250 (8th Cir. 1993) ("Sometimes this responsibility requires difficult mental gymnastics – as in a bench trial where the judge decides both what facts to admit into evidence and how to weigh that evidence – but trial judges manage such feats of objectivity all the time."). In the present case, the Court is fully capable of weighing the evidence and determining whether Plaintiffs' have established lost profits to a reasonable certainty. Thus, the Court finds that summary judgment on Plaintiffs' claim for lost profits is not warranted, and the Court will instead hold a bench trial in this matter.

Defendant has also filed a motion to exclude testimony from the economic expert and a motion to exclude certain exhibits filed in support of Plaintiffs' opposition to the motion for partial summary judgment. With regard to the exhibits, as previously stated, the Court can determine during the trial which evidence to admit and how to weigh that evidence. Striking the exhibits at this time would be premature.

As for the expert opinion, the undersigned notes that Dr. Leroy Grossman is a retired economist, previously employed by St. Louis University. The crux of Defendant's Daubert argument for exclusion is that Mr. Grossman relied on the estimates provided by Plaintiff Kevin James and not on scientific verification, rendering his opinion unreliable. The undersigned finds that, in light of this Court's denial of Defendant's Motion for Partial Summary Judgment, the parties should further address the Daubert motion in oral arguments. As stated above, the Court will consider and weigh Plaintiffs' evidence of lost profits from market demand and prospective customer estimates. Given this ruling, the Court will give the parties an additional opportunity to present argument for and against excluding Mr. Grossman's expert testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Exhibits A, B, C, D, and H to Plaintiffs' Opposition to Summary Judgment (Doc. No. 47) is **DENIED.**

**IT IS FINALLY ORDERED** that the Court shall hold a hearing on Defendant's Motion to Exclude the Testimony of Plaintiffs' Expert Leroy Grossman on **Wednesday, August 28, 2013, at 11:00 a.m.** in Courtroom 15 South. This hearing shall be held in conjunction with the final pre-trial conference, for which the parties shall be notified by separate Order.

       /s/ Terry I. Adelman
      UNITED STATES MAGISTRATE JUDGE

Dated this  17th  day of July, 2013.