UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WINFIELD GRAIN, INC., *et al.*

    Plaintiffs,

vs.

MARQUETTE TRANSPORTATION CO., LLC

    Defendant.

Case No. 4:11-cv-2244

## JOINT STIPULATION OF UNCONTESTED FACTS

COME NOW the parties and jointly stipulate that the following facts are uncontested:

### Uncontested Facts

1. Kevin James ("James") purchased the Winfield Grain facility on May 19, 2008 for $710,000.

2. Two promissory notes were issued for the purchase of the Winfield facility.  One was executed to Kevin James and his wife, Phyllis, personally in the amount of $465,918.50.  One was issued to Lincoln County Sand & Gravel for $305,100.00.  To date, $450,539.53 in principal and interest have been paid to Enterprise Bank on these two notes.

3. The Winfield facility was originally built in 1965

4. The property is titled to James and his wife Phyllis James.

5. The property includes approximately 22 acres of land near Winfield, Missouri.

6. Winfield Grain, Inc. was organized to operate the Winfield facility on September 14, 2009.

7. James is the sole member of the Board of Directors for Winfield Grain and the only officer.

8. On the property, there are eight grain storage silos.

9. Before it was damaged, the property had an approximately 420 feet long conveyor.

10. The conveyor was configured to move grain product from silos to the Mississippi River.

11. At the river end of the conveyor was a barge loading dock, including six wood pile clusters, slide lines between the pile clusters, and a loading tower.

12. James secured a permit giving him sand dredging rights for 9 or 10 miles on the Mississippi River. The permit expired on December 31, 2012.

13. The facility was rendered inoperable by flood damage in September 2008 and was repaired, except for a truck scale, in the Fall of 2010.

14. James also operates Lincoln County Sand & Gravel ("Lincoln County"), a company that sells sand from a land-based pit.

15. Marquette has admitted fault for its barges alliding with the Winfield facility on May 10, 2010 and July 22-23, 2011.

16. The first allision (2010) affected the two southern most pile clusters, causing one to lean downriver approximately 15 degrees off vertical and breaking the other, causing it to lay beneath the waterline, and the winch system attached to one of these pile clusters was damaged. The subsequent allisions (2011) knocked down the loading tower, one-third of the conveyor system (approximately 120 feet) and adjacent catwalk, the loading tower used to load barges, and the remaining four northernmost pile clusters in the river used to move and moor barges during loading.

17. James has 15 years of experience running a land-based sand and gravel business.

18. Following the July 2011 barge allisions, the facility was no longer able to load barges.

19. James did not acquire a customer list, future grain contracts, or any financial records from Jersey County.

20. Prior to the 2010 allisions, there were six pile clusters or "dolphins" at the Winfield facility. These have been labeled Dolphins #1, #2, #3, #4, #5A, and #6. *See* Exhibit C. The original dolphin #5 was sawed off and abandoned in 2003. Dolphin #5 is not the subject of recovery claims in this case. Specifications on the 6 dolphins in issue are as follows:

#1: Installed in 1983. Comprised of nine greenheart piles.

#2: Installed in 1983. Comprised of nine greenheart piles.

#3: Installed in 1964. Comprised of nine greenheart piles in the interior and six used, treated yellow pine piles around the exterior.

#4: Installed in 1964. Comprised of nine greenheart piles in the interior and six used, treated yellow pine piles around the exterior.

#5A: Installed in 2003. Comprised of ten greenheart piles.

#6: Installed in 1964. Comprised of nine greenheart piles in the interior and six used, treated yellow pine piles around the exterior.

21. At no time after purchase of the facility did James render the facility capable of off-loading dredged sand.

22. James never loaded a barge with grain at the facility.

23. James never dredged any sand from his permit area.

24. James had a sample of sand from his permit area tested and it did not meet the relevant state standards for highway construction.

TONKIN & MONDL, L.C.,

By: /s/ Richard D. McNelley
Simon Tonkin #M29317
Richard D. McNelley #M54102
701 Market St., Suite 260
St. Louis, Missouri 63101
Tel:     (314) 231-2794
Fax:    (314) 231-1481
stonkin@tonkinmondl.com
rmcnelley@tonkinmondl.com
Attorneys for Plaintiff
Winfield Grain, Inc.

FOX GALVIN, LLC

/s/ Ronald E. Fox
Ronald E. Fox, #29487
Erika N. Reynolds, #60361
One South Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)
rfox@foxgalvin.com
ereynolds@foxgalvin.com
Attorneys for Defendant
Marquette Transportation Co., LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this date, August 12, 2013, a copy of the foregoing was filed electronically. Notice of the filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

/s/ Richard D. McNelley